# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GARLAND KENT THORNTON | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-3402-S |
| | § | |
| | § | |
| TRANSPORTATION SECURITY | § | |
| ADMINISTRATION, an Agency of the | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Transportation Security Administration's ("Defendant" or "TSA") Motion to Dismiss [ECF No. 5]. For the reasons stated below, the Motion is granted.

## I.    BACKGROUND

On or about October 5, 2015, Plaintiff Garland Kent Thornton ("Plaintiff") was at Love Field Airport in Dallas, Texas. Compl. ¶ 6. At the TSA security checkpoint, Plaintiff was instructed to remove his shoes and go through the metal detector. *Id.* ¶ 7. Plaintiff claims that he slipped and fell while going through the metal detector. *Id.* Plaintiff brings a cause of action against Defendant for negligence. He brings this claim under the Federal Tort Claims Act ("FTCA"). Defendant moves to dismiss the Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction.

## II.    ANALYSIS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Dismissal for lack of subject-matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle

plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

To sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. *Cruz-Hernandez v. Johnson Cty. Det. Ctr.*, Civ. A. No. 3:16-CV-220-M-BH, 2017 WL 927825, at *4 (N.D. Tex. Jan. 6, 2017) (citing 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994)).

Plaintiff has not satisfied the first element of an FTCA claim. "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a[n] [FTCA] suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (citations omitted). Here, it is undisputed that Plaintiff has sued only TSA. Plaintiff did not sue the United States. Thus, the Court must dismiss Plaintiff's FTCA claim for want of jurisdiction.

### III.    CONCLUSION

Because the Court lacks subject-matter jurisdiction, the Court grants Defendant's Motion to Dismiss without prejudice.

**SO ORDERED.**

SIGNED April 16, 2019.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE